FILED
SUPERIOR COURT
OF GUAM

2018 MAR -1 PM 4: 47

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARIA BERNADETTE VALENCIA,<br><br>Plaintiff,<br><br>vs.<br><br>PRIMITIVO R. SAPLA, JR., and SONIA G. SAPLA,<br><br>Defendants. | Superior Court Case No. CV0085-16<br><br>DECISION AND ORDER<br>re<br>AMOUNT OF SANCTION |

The Court considers the amount of the sanction to be imposed upon Defendant Primitivo R. Sapla, Jr. for violation of the Court's Temporary Restraining Order granted to Plaintiff Maria Bernadette Valencia. Finding that it serves the interests of justice and promotes deterrence, the Court sanctions Mr. Sapla a total of $14,496.00, the amount of Ms. Valencia's reasonable attorney's fees and costs.

### I. PROCEDURAL BACKGROUND

In its Decision and Order re Motion for Contempt and Sanctions, the Court found that Mr. Sapla willingly violated the Court's March 4, 2016 Temporary Restraining Order. Dec. and Order (Dec. 12, 2017). The Court found that Mr. Sapla "acted unreasonably and in bad faith in calling the police, omitting key details of the dispute and TRO in a manner that can only be construed to seek to harass Ms. Valencia." Dec. and Order at 6. In assessing the amount of the sanction, the Decision and Order looked to the civil contempt statute, 7 GCA Chapter 34. That law equates contempt remedies to petty misdemeanor penalties. The Court reasoned that instead

## ORIGINAL

of imprisonment, the Court would impose an amount of double Ms. Valencia's loss in bringing and litigating the Motion for Contempt and Sanctions. The Court determined that doubling the attorney's fees incurred would deter Mr. Sapla from further willful disobedience of court orders. Dec. and Order at 8.

Subsequent to the Court's Decision, the Saplas[1] filed a "Response to Monetary Amount of the Sanction." The Saplas contended that the Court's imposition of attorney's fees as a sanction violated the American Rule. Based on this argument, the Court allowed the parties to submit further briefing on the limited issue of the applicability of the American Rule. Order Further Briefing (Jan. 26, 2018).

Also, Ms. Valencia has submitted her calculation of fees and costs incurred in this contempt proceeding, calculated to be $14,496.00. Decl. Counsel re Attorney's Fees and Costs (Dec. 29, 2017).

## II.   <u>LAW AND DISCUSSION</u>

### A. Attorney Fees as a Sanction

The Guam Supreme Court has held the American Rule as applicable in Guam. *Fleming v. Quigley*, 2003 Guam 4 ¶ 13. "Under the American Rule, parties bear their own litigation expenses, including attorney's fees," unless authorized by statute, contract, or under other equitable circumstances. *Id.* ¶¶ 7, 20. While a court may not award attorney's fees as part of a damages award, Guam and U.S. courts recognize "the inherent discretionary power to award attorney's fees in accordance with equitable principles in specified circumstances." *Id.* ¶ 32 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 (1975)).

---

[1] The Court determined that Defendant Sonia Sapla did not commit contempt of court. Dec. and Order at 6-7. However, she joined her husband in briefs submitted on the issue of the amount of the sanction.

ORIGINAL

One of those specific circumstances includes assessing attorney's fees as a sanction for willful violations of court orders or for punishing bad faith conduct. Courts have broad discretion to design a remedy that brings about compliance from a "recalcitrant contemnor," and such a remedy can include attorney's fees. *Telenor Mobile Comms. A S v. Storm LLC*, 587 F. Supp. 2d 594, 621 (S.D.N.Y. 2008); *Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 856 (7th Cir. 2005); *Local 702 Intern. Broth. of Elec. Workers v. Illinois Consol. Tele. Co.*, 608 F. Supp. 2d 1031, 1036 (S.D. Ill. 2008); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002).

Thus, the Court rejects Mr. Sapla's argument that the American Rule forbids this Court from assessing attorney's fees as a sanction. As the Court determined in its Decision and Order, 7 GCA § 34101(b) instructed the Court to reference the petty misdemeanor statute when issuing a sanction. For petty misdemeanor files, the Court may: (1) imprison Mr. Sapla for no more than 60 days; (2) impose a fine of $500.00; or (3) award an amount equal to double the loss to the victim caused by the conduct constituting the offense by the offender. 9 GCA §§ 80.34(b), 80.50(d) and (e). The Court elected not to imprison Mr. Sapla, but instead imposed a fine of twice of Ms. Valencia's loss.

While the American Rule would not permit the Court to require Mr. Sapla to compensate Ms. Valencia as the prevailing party in this case, the American Rule does not restrict the Court from using its inherent powers to design an equitable sanction of attorney's fees incurred as a result of the established violation. This Court must enforce compliance with Court orders, and the Court can accomplish that by requiring an offender to pay for losses caused by contemptuous actions. *See Tranzact Technologies*, 406 F.3d at 856.

ORIGINAL

Therefore the Court did not err in ruling that Mr. Sapla must be sanctioned by compensating Ms. Valencia for the amount of her loss, calculated using attorney's fees and costs. The American Rule's equitable and bad faith exceptions apply here.

### B. Ms. Valencia's Attorney Fees and Costs are Reasonable

In reviewing Ms. Valencia's counsel's Declaration, the Court determines that her counsel's hourly rate of $260.00 and the time expended on the Motion for Contempt were both reasonable. An established standard for determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Guam Courts have previously held that "[t]here is evidence that $250.00 is the customary rate for attorneys on Guam with 20 or more years of civil litigation experience." *Aguero et al. v. Calvo et al.*, D. Guam Civil Case No. CV15-00009 (Dec. & Order re: Plaintiff's Motion for Award of Attorneys' Fees and Expenses at 6 (Mar. 16, 2016)); *see also Port Auth. of Guam v. Arriola*, SP0124-13 (Dec. & Order re Mitigation for Attorney's Fees at 6 (Mar. 9, 2017)) (finding counsel's rate of $250 per hour "reasonable based on her attorney's years in practice, the complexity of the case, and the services and results provided"). Thus, the Court finds that the rate of $260.00 is reasonable and falls within the standard rate of experienced Guam-based civil litigation attorneys.

Further, the Court finds that Ms. Valencia's counsel billed appropriately for all stages of the contempt proceeding, including filing the motion, meeting with witnesses, preparing for and attending the hearing, drafting proposed findings of fact and conclusions of law, reviewing the Court's decision, and communicating with her client. However, even though the Court previously determined that doubling Ms. Valencia's loss would punish Mr. Sapla and deter him

ORIGINAL

from further violations, now having reviewed the extent of the attorney's fees and costs incurred, the Court is not persuaded that a sanction of $28,992.00 is appropriate for a few reasons.

First, under the criminal code's provision for fines and restitution, the "restitution ordered paid to the victim shall not exceed his loss." 9 GCA § 80.50(f). In other words, in assessing the amount needed to punish and deter Mr. Sapla, the Court (and not Ms. Valencia) would receive as a fine any amount in excess of Ms. Valencia's $14,496.00 actual loss. The Court does not believe that an additional amount of $14,496.00, to be deposited into the Court's coffers, is needed to emphasize punishment and deterrence.

Second, the Court takes into account that this is a dispute between private individuals, as opposed to corporations or government entities, and that a private individual bears the burden of paying this amount. Although $14,496 was reasonably incurred to protect Ms. Valencia, the amount exceeds the Court's expectations. In addition, since Ms. Valencia's loss is covered by a sanction of $14,496, this amount need not be multiplied.

Third, the Court finds that the amount of $14,496, alone, serves to deter Mr. Sapla from committing further acts of contempt. The Court finds that a multiplier of this amount is not necessary to emphasize the level of seriousness this Court takes with any violation of its orders.

Finally, the Court again references the petty misdemeanor penalty statute for the appropriate penalty range. While the criminal restitution statute allows a court to award double a victim's loss, it also sets a fine of $500.00 for petty misdemeanor crimes. The Court does not find that $500 carries enough weight as a sanction, especially when viewed from Ms. Valencia's perspective. Ms. Valencia's loss of $14,496 due to Mr. Sapla's contempt of court must be matched by a sanction of similar weight. Nonetheless, this Court exercises its discretion to sanction Mr. Sapla for Ms. Valencia's loss, but not beyond her loss.

ORIGINAL

Therefore, the Court finds that compensating Ms. Valencia for her attorney fees and costs of $14,496.00 serves as an appropriate sanction amount to deter Mr. Sapla from further violating the Court's orders.

## III.    CONCLUSION & ORDER

Since the Court found Mr. Sapla acted unreasonably by committing key details of the TRO to the police, the Court finds that the appropriate sanction is Ms. Valencia's reasonable attorney fees and costs. Thus, the Court hereby sanctions Mr. Sapla in the amount of $14,496.00.

SO ORDERED this 1st day of March 2018.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original herein was placed in the court box

Date: 3/1/18    Time: 8:55

Deputy Clerk, Superior Court of Guam

ORIGINAL